THE OMAHA BOOK COMPANY, PLAINTIFF IN ERROR, V. JOHN SUTHERLAND, AND OTHERS, DEFENDANTS IN ERROR.

**Chattel Mortgage.** A bill of sale, absolute on its face, but accompanied by a verbal defeasance, is not only a chattel mortgage as between the parties to it, but also to third parties who have actual notice, or such knowledge of the facts as charges them with notice. And a sale of the chattels by the mortgagor to such third parties in payment of a debt due from him to them conveys no title.

THIS was an action of replevin brought in the district court of Colfax county by the Omaha Book Company against the Sutherlands, to recover certain goods and chattels of the alleged value of $300. The facts necessary to an understanding of the case here are, that Sprecher being indebted to the Book Com-

pany, gave them a bill of sale of his stock of goods, which was filed and recorded in the county clerk's office. Sprecher remained in possession of the goods, making sales and applying proceeds on indebtedness owing to the Book Company. He disposed of the goods in controversy here to the Sutherlands, on account of an indebtedness owing by him to them. Verdict and judgment below before POST, J., for the Sutherlands, and the Omaha Book Company came up on a petition in error.

*Phelps & Thomas*, for plaintiff in error.

*Miles Zentmeyer*, for defendant in error.

COBB, J.

The bill of sale, though absolute on its face, was accompanied by a verbal defeasance, an agreement that when five hundred dollars should be paid by Sprecher, either from the sales of goods or from outside sources, the Omaha Book Company was to sell back the remaining goods to him on credit, the price to be the amount remaining due the company of the original indebtedness, and interest. This bill of sale and verbal agreement, taken together, was, as between the parties, a chattel mortgage. See Herman on Chattel Mortgages, §§ 19 and 20, and authorities there cited. So that, were this a question between the Omaha Book Company and Sprecher, it would present but little difficulty. As between the parties to this suit the case is not so plain. The bill of sale as recorded contains all the necessary attributes of an absolute sale, and were it not for the verbal defeasances which accompanied it, it would be sufficient evidence of such absolute sale. If the bill of sale was legally entitled to be recorded—upon which I express

no opinion—then defendants in error had constructive notice of the lien of the Omaha Book Company upon the goods, and, according to the testimony of W. T. Sutherland, one of the defendants in error, who was sworn as a witness at the trial, they had actual notice, or at least they had such knowledge or information of the facts as charges them with notice. I think therefore, that as between the parties to this suit the instrument under consideration is a chattel mortgage, and that the defendants in error could not obtain a legal title to the goods by taking them from Sprecher on a debt owing by him to them.

A conveyance of land, though absolute upon its face, may be, as between the parties to it, a mortgage. In that case, if the grantee conveys the land to a *bona fide* purchaser for value without notice, such purchaser would take it divested of all right of redemption by the grantor. The grantor retains nothing but the equity of redemption which he can convey. And the purchaser of that would be in no condition to claim protection as a purchaser in good faith without notice. The record and the facts show everything that really exists against his grantor's title, and more too. This is also the case, to all practical intents and purposes, when the subject matter consists of chattels, as well as of land.

In the case at bar Sprecher was in possession of the store, and was selling goods. From these circumstances the public had a right to presume authority therefor on his part from the mortgagee; but the defendants in error had no right to presume authority on his part to sell mortgaged goods at wholesale to pay his own debt; and such sale by him to a party having actual notice of the execution by him of a transfer of the same, such as that in question, would convey no title.

At the trial the court charged the jury, among other things, as follows:

" But if you find from the evidence that there was no actual and *bona fide* change of ownership of the goods, but that the transaction between Sprecher and the Omaha Book Company was understood and intended between them as a weak device to prevent the creditors of Sprecher from taking such goods, then such transaction would give the plaintiff no right to recover in this action. Or if from the evidence you find that at the time the bill of sale was executed it was agreed and understood by and between Sprecher and the company that the bill of sale was intended only as security by which Sprecher was to secure the payment of the claims of the company, and that as soon as such debt should be paid that Sprecher was to have them again free from such lien then under the law and facts, you must find against the plaintiff."

The principal objection to the first clause of this instruction is that it is not applicable to the facts proved in the case, and I think that it may have misled the jury, as there was in my view no evidence even tending to prove that the bill of sale was given by Sprecher or received by the company for the purpose of preventing the creditors of Sprecher from taking such goods. But as to the other part of said instruction, unless I am entirely wrong in my view of the case, it is clearly erroneous. It was entirely competent for Sprecher to secure his indebtedness to the Omaha Book Company by a mortgage of these chattels; and as we have seen, the bill of sale with a verbal defeasance constituted a mortgage, of which the Sutherlands had actual as well as constructive notice when they took the goods.

The court also charged the jury as follows: " It has been shown in evidence that Sprecher owed the Book

Company about the sum of $780. If the Book Company continued knowingly to charge Sprecher with the amount of his indebtedness, not having relinquished (released) him therefrom, such transaction could not be regarded as an absolute sale, and you must find for the defendant."

This charge, like the other, goes upon the theory that unless the sale of the goods by Sprecher to the Book Company was absolute and conditional, that the Book Company acquired no right to or lien upon the goods. While, as I have said above, this theory is in my opinion erroneous, yet, in justice to the court who tried the cause below, it should be stated that it was urged upon this court by counsel for the plaintiff in error that the sale was absolute and unconditional, and he no doubt took the same position in the district court.

For the above reasons the judgment of the district court must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.